SECURITY NATIONAL BANK, Respondent, v. LOWRIE, Defendant, NULL, Garnishee, and BOOTS, Garnishee and Appellant.

(238 N. W. 304.)

(File No. 6879. Opinion filed October 5, 1931.)

*Hagen & Hagen,* of Huron, for appellant.
*Churchill & Benson,* of Huron, for Respondent.

PER CURIAM. Plaintiff is a judgment creditor of defendant Lowrie and is seeking to enforce its judgment against Lowrie by garnishment in aid of execution. The garnishees T. H. Null and J. H. Boots, in separate answers, denied liability, and plaintiff took issue with both answers of the garnishees. Judgment for plaintiff, and the garnishee Boots appeals from the judgment and an order denying a new trial.

Because the pleadings do not limit the issues, and the contentions and theories of the parties appear only in the progress of the trial, a detailed statement of facts with their application to the theory on which the court bases its judgment is necessary.

At one time Lowrie was the owner of the north ten acres of the southwest quarter of the northeast quarter of section 12, town-

ship 110, range 62, in Beadle county. On February 25, 1920, Lowrie sold this property to O. R. Billington. Billington agreed to pay therefor $1,000 in cash, $7,500 on or before the first of July, 1920, and assume a mortgage of $5,500 then upon the property. Billington was associated with John F. Hoeck and Harry E. Gorton, and these associates were jointly interested in the property with Billington. Several payments were made on this contract, in all the sum of $5,000. Then a new contract was made with Hoeck and Gorton (Billington in the meantime having parted with his interest) whereby Lowrie agreed to accept a final payment of $700.66 and to convey to Hoeck and Gorton an undivided two-thirds interest, Lowrie to retain as a joint owner the other one-third interest. Hoeck and Gorton paid $700.66 and became entitled to a conveyance of the two-thirds interest. But Lowrie did not convey the two-thirds interest as agreed and Hoeck and Gorton commenced an action to rescind and recover the payments made by them. While this action was pending, Hoeck obtained Gorton's interest, and the final adjudication was in favor of Hoeck. He recovered a judgment for the amount of the payments with interest (approximately $6,000), and in the decree it was provided that such amount should be a lien upon all the property involved. By that adjudication the contracts of sale were rescinded and Lowrie became the owner of the entire tract, free from the conditions of such contracts, but subject to the lien of the decree and the first mortgage of $5,500. Respondent (plaintiff in this action) was then a judgment creditor, and the lien of respondent's judgment, of course, attached to Lowrie's interest. Whether the lien of respondent's judgment was junior to the lien of Hoeck's judgment, it is not necessary for us to decide, for the lien was lost when Null acquired title through the foreclosure of the first mortgage.

Respondent's contentions are founded upon what transpired at the time the Hoeck judgment was taken against Lowrie and transactions subsequent thereto. Just before the taking of the Hoeck judgment an agreement was reached between Lowrie and Hoeck for a settlement of the litigation then pending between them. The nature of the settlement appears from the following trust agreement (The agreement was titled in the action between Hoeck and Lowrie. The title is omitted):

"In consideration of the assignment by the defendant, in the

above entitled action, of the lease of the real property described in the complaint, the surrender of possession of said property, and defendant's consent that judgment may be entered in favor of the plaintiffs for the amount claimed in the complaint, together with costs and disbursements, such judgment to be decreed to be a lien against all of said property, subject only to the mortgage for $5500 now of record against said property, the undersigned hereby accepts the trust created by this instrument and hereby promises and agrees that he will forthwith take an assignment of such judgment in his own name; that he will forthwith cause execution to issue upon said judgment and cause said property to be sold thereunder; that he will bid in said property in his own name for at least the full amount of said judgment, costs and disbursements and expenses of sale in trust for the parties interested therein; that he will procure a sheriff's deed for said property and hold said property in trust for the purpose of carrying out the agreement and understanding of the parties to said action; that he will pay all taxes lawfully assessed and levied against said property before they become delinquent, pay interest on said mortgage when it becomes due, and all necessary expenses of caring for said property; that he will promptly collect all rents and profits arising from said property, and apply the same to the payment of said taxes, interest and expenses; that he will sell such property as soon as a fair and reasonable amount can be obtained therefor; that he will add to the proceeds of said sale, the amount of all rents and profits derived from said property, deduct from the amount so obtained all sums expended by him for taxes, interest and necessary expenses, including a reasonable allowance as compensation for his services in executing this trust, and pay to the defendant one-third of the amount remaining after making such deduction.

"In the event that anyone should redeem from the sale of said property under execution, the undersigned promises and agrees to pay to defendant the sum of two thousand and no hundredths dollars ($2,000).

"Dated at Huron, South Dakota, this 18th day of October, 1923.                                    "T. H. Null."

The contentions of the parties to this action center in this agreement.

T. H. Null was one of the attorneys for Hoeck. Pursuant to the agreement, Hoeck assigned his judgment to Null, a special execution was issued thereon, the premises were sold, no redemption was made, and in due time a sheriff's deed was issued to Null. Lowrie, in performance of his part of the agreement at that time, surrendered possession of the premises and assigned the lease. Null took charge of the land and collected rents, but has never made an accounting of his trust. There is now pending in this court another action wherein J. H. Boots, as Lowrie's assignee, is seeking an accounting by Null. The opinion in that case is filed simultaneously with this opinion and is published in 59 S. D. 109, 238 N. W. 307. Some time after Null obtained the title he mortgaged the premises to the Union Bond & Mortgage Company to secure a $3,000 loan. The validity of this mortgage is not questioned in this or the other suit. Since acquisition of the title by Null, the first mortgage for $5,500 has been foreclosed, and Null has acquired title by sheriff's deed under that foreclosure. The title is still in the name of Null. As the situation now stands, Boots, as assignee of Lowrie, is demanding an accounting of Null, claiming all the Lowrie's interest, Null is claiming absolute title by virtue of the second sheriff's deed obtained under the foreclosure of the first mortgage, and respondent in this action has obtained a decree declaring its judgment to be a lien upon an undivided one-third of the property subject to certain rights of Null.

It is difficult to follow the process of reasoning whereby the trial court arrived at the conclusion that Lowrie is still the owner of a one-third interest, and that respondent's judgment is a lien thereon.

■ If we are right in our understanding of respondent's theory, it is that when Hoeck's suit was brought Lowrie owned an undivided one-third interest, and, in settling the suit as he did, it was his fraudulent intent to convey this one-third interest to a trustee so as to cover up and secrete his interest therein and thereby place the property beyond the reach of his creditors. The court finds that the trust agreement was in fraud of creditors. The fault in this theory is that, if the transaction were all that it is claimed to be, and Lowrie actually intended to defraud his creditors, the transaction could not and did not defraud or harm his creditors. If Lowrie gained thereby, his creditors gained, for they

may reach his interest in the trust property. To destroy the trust will destroy the property right. There can be no justification for setting aside the trust agreement and restoring to Lowrie a one-third interest in the land. Hoeck's lien and the lien of the first mortgage was upon all the land, not on two-thirds, and the sheriff's deeds resulting from these two proceedings barred all rights and liens junior to the lien of the first mortgage.

The evidence will not support a claim that the Hoeck judgment was collusive and dishonest rendering the entire proceeding fictitious and in reality a fraudulent transfer. If that were the case, the whole proceeding might be vacated and Lowrie would then be the owner of the whole of the property, not a one-third interest. Objection is made to the form of this action in garnishment to raise this question, or the validity of the trust agreement. But the form of the action need not be decided now. The Hoeck judgment is not attacked by pleadings, and the evidence is insufficient to impeach it. It must be treated as valid; therefore a valid execution could issue. Respondent took no steps to redeem and protect itself, and its lien was foreclosed and barred by the sale under execution and foreclosure. If respondent now has any claim upon the property, it is by virtue of some right acquired by Lowrie at the time the trust agreement was entered into. To illustrate, suppose the purchaser under the foreclosure to be a third party, the equity of redemption existing in favor of respondent at the time of the sale would be barred upon the issuance of a sheriff's deed. Then suppose Lowrie to be the purchaser, the same right of redemption would be barred, but respondent's judgment would immediately attach to Lowrie's newly acquired interest. This would be true whether Lowrie openly purchased the property or secretly purchased it. Whatever right Lowrie obtained under the trust agreement may be followed by his creditors. Lowrie was under no legal compulsion to defend the Hoeck action (assuming it to be just), nor was he legally bound to prevent the issuance of an execution, a sale thereunder, or the final issuance of a sheriff's deed, nor was he bound to prevent the issuance of a sheriff's deed under the first mortgage.

This case was tried upon the wrong theory, and the judgment of the court cannot be sustained. No useful purpose would be served by separately discussing the several assignments. There is

no evidence to support the finding that the trust agreement was fraudulent as to creditors, even though Lowrie admits he intended to defraud his creditors. The instrument could have no such effect. The most that Lowrie could have intended was to secrete his after-acquired property.

There are several questions that may arise on a retrial of this case on the correct theory, such as the construction of the agreement, whether or not Lowrie gained an interest in the land to which the lien of respondent's judgment attached giving respondent priority over the rights of Boots as assignee of the agreement. The assignment, of course, is a conveyance of property by Lowrie, and, if the agreement is construed to convey no interest in land, then it may be necessary to determine if Boots was a purchaser in good faith, and, if so, how much he paid in order that creditors may vacate the assignment upon payment of the amount paid if it appears the price, though paid in good faith, was inadequate, and the rights and liabilities of Null must be determined. On the several questions that will arise we express no opinion.

The judgment and order appealed from are reversed.

POLLEY, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.

CAMPBELL, J. (concurring specially). This case involves to a considerable extent the same subject-matter as case No. 6878, Boots v. Null, 59 S. D. 109, 238 N. W. 307, wherein opinion is this day filed.

I have expressed my views concerning these two cases in a concurring opinion in case No. 6878, and, upon the considerations therein indicated, I concur in the reversal of the judgment and order appealed from in this case.